UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STANLEY CHANCE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3-03-CV-441 (JCH) |
| | : | |
| KEMCO, et al, | : | |
| Defendants. | : | DECEMBER 12, 2003 |

<u>NOTICE TO PRO SE LITIGANT</u>

On November 21, 2003, two of the defendants in this case, Kemco and Kem
Curtin, filed a motion to dismiss the complaint against them pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be
granted. [Dkt. No. 15].  Specifically, they argue that the plaintiff has not alleged any state
action and "has not not and cannot make the State of Connecticut a party" to the action.
<u>See</u> Def's Mem. Supp., at 2 [Dkt. No. 16].

A Rule 12(b)(6) motion to dismiss may only be granted if "it appears beyond doubt
that the plaintiff can prove no set of facts in support of his claim which would entitle him to
relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>Todd v. Exxon Corp.</u>, 275 F.3d
191, 197-98 (2d Cir. 2001).  In considering such a motion, the court must accept the
factual allegations alleged in the complaint as true and all inferences must be drawn in the
plaintiffs' favor.  <u>See</u> <u>Stephenson v. Dow Chemical Co.</u>, 273 F.3d 249, 256 (2d Cir. 2001).
A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears
remote or unlikely on the face of a complaint.  <u>See</u> <u>Bernheim v. Litt</u>, 79 F.3d 318, 321 (2d
Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claims." Id. (quotation omitted).
"[B]ald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53
(2d Cir. 1996). The court may dismiss claims under a motion to dismiss when it appears
beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove
no set of facts which would entitled him to relief. See Jaghory v. New York State Dept. of
Educ., 131 F.3d 326, 329 (2d Cir. 1997).

The court hereby gives notice to Stanley Chance, the pro se plaintiff, that he must
file an opposition to the motion to dismiss, addressing the grounds raised by the
defendants. If no opposition is filed by the plaintiff, the defendants' motion may be granted
and the action may be dismissed. See generally Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir.
1994) (court has obligation to make certain that pro se litigants are aware of the local rules
and understand the consequences of the failure to comply with such rules). The plaintiff
must file a memorandum in opposition no later than January 7, 2004.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 12th day of December, 2003.


/s/ Janet C. Hall
Janet C. Hall
United States District Court Judge