FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 JAN 20  P 1: 17

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| STANLEY CHANCE,<br>　　　　　Plaintiff<br>VS.<br><br>KEMKO, ET AL.<br>　　　　　Defendant | CASE NO. 3:03 CV 441(JCH)<br><br><br><br><br>JANUARY 16, 2004 |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR ABSTAIN

Defendant Connecticut Healthcare Worker's Compensation Trust, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1914(e)(2), has moved to dismiss plaintiff's complaint against it for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and because it is frivolous. In the alternative, the Trust is asking that the Court abstain from exercising jurisdiction as to any claim against it.

Plaintiff's only allegations against the Trust are contained in two paragraphs of his amended complaint, where he claims that the Trust and his employer "refused to pay him workman's [sic] compensation and have opposed it with the Workman's Compensation Commission," and that the Trust has "conspired with Curtin to deny the plaintiff Workman's Compensation in retaliation for the plaintiff filing complaints [against] Curtin." Complaint ¶¶ 71-72. (Those complaints would appear to be the constitutional allegations contained in paragraphs 6-7 of the complaint.) As explained below, such allegations are insufficient to support a jurisdictional or substantive basis for a complaint against the Trust.

I.   PLAINTIFF'S CLAIM AGAINST THE TRUST SHOULD BE DISMISSED FOR LACK OF JURISDICTION BECAUSE HE HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

A motion to dismiss under 12(b)(1) tests the subject matter jurisdiction of the court. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction carries the constant burden of showing that jurisdiction exists. E.g., Cloud v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The plaintiff must meet this burden by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)). A court may find a lack of subject matter jurisdiction on three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. Cloud, 281 F.3d at 161. While the Court must take the factual allegations of the complaint as true, it does not need to draw inferences favorable to the party asserting jurisdiction. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

In determining whether or not a complaint should be dismissed for failure to exhaust remedies, the U.S. Court of Appeals for the Second Circuit has looked to the law of the forum state. Sprint PCS, L.P. v. Connecticut Siting Council, 222 F.3d 113, 115-16 (2d Cir. 2000). The Connecticut Supreme Court has frequently noted that, under Connecticut law, "it is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Court will obtain jurisdiction to act in the matter." E.g., Cannata v. DEP, 215 Conn. 616, 622 (1990). The Cannata Court stated that:

2

> when a particular statute authorizes an administrative agency to act in a particular situation, it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act -- that is, to determine the coverage of the statute -- *and this question need not, and in fact cannot, be initially decided by a court.*

Id. (emphasis added); see also Lopiano v. City of Stamford, 22 Conn. App. 591, 595 (1990) ("a case must be dismissed if an administrative avenue of redress remains untried").[1] The doctrine requiring exhaustion of remedies is "grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." Sharkey v. City of Stamford, 196 Conn. 253, 256 (1985). The doctrine is designed to ensure that parties do not bypass an administrative process, and that courts do not act on matters that are peculiarly within an agency's specialized field, without giving that agency an opportunity to apply its expertise. Id. Under Connecticut law, the failure to exhaust administrative remedies deprives the court of jurisdiction over the dispute. E.g., Trigila v. Hartford, 217 Conn. 490, 493-94 (1991).

The statute in question in this case is the Workers' Compensation Act, Conn. Gen. Stat. §§ 31-275 et seq. That statute grants workers' compensation commissioners full authority to adjudicate issues related to compensability of injuries and payment of benefits. See Conn. Gen. Stat. § 31-278. Section 31-296 of the Workers' Compensation Act, for example, provides a procedural vehicle for claimants to bring matters to the attention of the presiding commissioner where "an employer has discontinued or reduced payments made in accordance with this section without the approval of the commissioner, . . . ." And under section 31-315, "the commissioner

---

[1] But see Boos v. Runyon, 201 F.3d 178, 183 (2d Cir. 2000) (finding that exhaustion not a jurisdictional defect in context of employment discrimination claim, based on statutory interpretation).

3

shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements for any proper action thereon, during the whole compensation period applicable to the injury in question."

Plaintiff's complaint attempts to evade this administrative process by complaining about the Trust's supposed denial of his workers' compensation claim. Even assuming that plaintiff's complaint had some merit, the crux of his complaint is that the Trust has denied payment for his workers' compensation claim in the workers' compensation forum. This is an issue that plaintiff can pursue, and is now pursuing vigorously, before the Commission. Pursuant to plaintiff's request for an emergency "final determination" as to this right to benefits (Exhibit 1), a formal hearing on the Trust's denial of benefits is scheduled before the Commission on February 23, 2004 (Exhibit 2). The Commission will then decide if the plaintiff's claim is compensable.

The determination of the compensability of Mr. Chance's claim is a subject uniquely within the jurisdiction and expertise of the Workers' Compensation Commission. In fact, one Superior Court has addressed this issue in Gyadu v. Chairman, Workers' Compensation Commission, 1994 Ct. Sup. 12636 (Waterbury 1994) (Exhibit 3). In Gyadu, the plaintiff alleged that he had been discriminated against in the payment of his workers' compensation benefits. The court analyzed his claims and decided that although the complaint was framed in terms of "discrimination," plaintiff's core complaint was that he had not received the benefits to which he was entitled. The Gyadu court granted the defendant's motion to dismiss for failure to exhaust administrative remedies, because plaintiff did not obtain a right to sidestep hearings as to benefits simply by claiming "discrimination" before the court. See Gyadu, slip op. at 3-4. Similarly,

4

plaintiff here is making his allegations improperly under a broad and undefined claim of "retaliation." Courts in Connecticut have not been hesitant to apply the "exhaustion of remedies" doctrine to prevent workers' compensation claimants from creating piecemeal litigation in similar ways. See, e.g., Hyatt v. City of Milford, 26 Conn. App. 194 (1991) (dismissing claim for failure to exhaust remedy of Workers' Compensation Act, where plaintiff was complaining about entitlement to benefits).

Plaintiff is really attempting to sidestep the system that was created to address his grievances about benefits. Previous courts in Connecticut have rejected such efforts by finding that administrative litigants, including workers' compensation claimants, must exhaust their agency remedies before bringing a claim to court. If plaintiff is allowed to continue prosecuting this lawsuit, his complaint would undermine the detailed system governing workers' compensation benefits, by fostering the "piecemeal litigation" that the exhaustion rule is meant to avoid. He also could obtain exactly the kind of "double recovery" that the workers' compensation system intends to avoid. See, e.g., Pokorny v. Getta's Garage, 219 Conn. 439 (1991). Plaintiff's claim falls within the expertise and jurisdiction of the Workers' Compensation Commission, whose remedies plaintiff must exhaust before this court acquires jurisdiction.

II.     PLAINTIFF'S COMPLAINT CLAIM FAILS TO STATE A CLAIM AGAINST THE TRUST UPON WHICH RELIEF MAY BE GRANTED

    A.     Plaintiff's Complaint Fails to State a Colorable Claim

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court is required to accept as true all factual allegations in the complaint, and to draw all inferences from those allegations in the light most favorable to the plaintiff. E.g., Scheuer v.

5

Rhodes, 416 U.S. 232, 236 (1974); Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991). The court's function "is not to weigh the evidence that might be presented at a trial, but merely to determine whether the complaint itself is legally sufficient." Festa v. Local 3 Int'l Board of Electrical Workers, 905 F.2d 35, 37 (2d Cir. 1990). The court must limit its analysis to the four corners of the complaint. Kopec v. Coughlin, 922 F.2d 152, 154-55 (2d Cir. 1991).

In this case, plaintiff fails to state a claim upon which relief may be granted because he fails to allege any wrongful substantive behavior by the Trust, or the violation of any state or federal law. In essence, plaintiff's only allegation is that the Trust has denied his Workers' Compensation claim. But the Trust has every legal right to deny the compensability of his claim for benefits and should not be subjected to defending a lawsuit in federal court for doing so. Because no wrongful conduct has been alleged against the Trust, the allegations of the complaint fail to state a claim for which relief can be granted, and the Trust's motion to dismiss should be granted.

  B. Plaintiff's Claim May Not Be Maintained Because The Workers' Compensation Act Provides His Exclusive Remedy

Although the majority rule among Connecticut Superior Courts holds that an injured employee can maintain a "bad faith" action against a workers' compensation insurer for nonpayment of benefits, some courts have reasoned otherwise, and the issue has yet to be decided by a Connecticut appellate court. In this case, plaintiff's flimsy claims should be held to be barred by the exclusivity provision of the Connecticut Workers' Compensation Act.

That statute operates as a "total bar to common law actions brought by employees against employers for job related injuries," with a narrow exception for intentional torts and willful or

6

serious misconduct. E.g., Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 106, 639 A.2d 507 (1994). "As between all persons in the mutual relationship of employer and employee . . . the right to obtain and the liability to pay compensation under the act is substituted for the common-law rights and liabilities otherwise existing between them to the exclusion of the latter." Wright v. Coe & Anderson, Inc., 156 Conn. 145, 156-57, 239 A.2d 493 (1968). Plaintiff's claim falls directly within the workers' compensation statute itself, which provides plaintiff with his exclusive remedy. See Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 668, 613 A.2d 838 (1992) (upholding, on grounds of workers' compensation exclusivity, decision to strike plaintiff's claims that his employer "intentionally, recklessly or negligently failed to carry out its duties under the law to pay benefits in a timely manner as required under the Workers' Compensation Act, to investigate the plaintiff's claims and to agree to a reasonable resolution of the plaintiff's claims").

The Connecticut Superior Court considered this question in Brosnan v. Sacred Heart University, 1997 WL 678197 (Conn. Super. 1997) (Exhibit 4). In Brosnan, the plaintiff sued her former employer, its workers' compensation carrier and others, alleging that they had failed to resolve her workers' compensation claim in good faith and had delayed payment of her benefits. The Brosnan court struck plaintiff's entire complaint, however -- a decision comparable to the granting of a Rule 12(b)(6) motion in this Court -- on the basis of the exclusivity of the Connecticut Workers' Compensation Act. In an exhaustive opinion, Judge Levin analyzed the history, purpose and language of the Connecticut's Workers' Compensation Act, as well as comparable laws from other states. What Judge Levin found in Brosnan, summarized in the numbered paragraphs below, is equally applicable to plaintiff's complaint in this case, and

7

indicates equally that this lawsuit is barred by the exclusivity of the statute as well:

1.  The workers' compensation statute vests discretion in the workers' compensation commissioner to find that a party is at fault for unreasonably contesting an award or delaying the payment of benefits. See, e.g., Conn. Gen. Stat. § 31-300. Although the statute provides for enforcement of the commissioner's rulings by the Superior Court, it includes no provision for common law redress for such unreasonable conduct by employers or insurers. This legislative omission, in the face of repeated examination and refinement of the Act over the past decades, provides a strong indication "that the lawmakers intended the penalty provisions of the Workers' Compensation Act to be the exclusive remedy." Brosnan, 1997 WL 678197 at **6-7.

2.  The Connecticut Supreme Court has repeatedly recognized, in decisions such as Libby v. Goodwin Pontiac-GMC Truck, Inc., 241 Conn. 170, 174-75, 695 A.2d 1036 (1997), that exceptions to workers' compensation exclusivity should be created by the legislature and not by the courts. In Libby, for example, the Connecticut Supreme Court noted that:

> we have repeatedly observed that our act represents a complex and comprehensive *statutory* scheme balancing the rights and claims of the employer and the employee arising out of work-related personal injuries. Because of the comprehensive nature of the act, the responsibility for carving out exceptions from any one of its provisions belongs to the legislature and not to the courts.

241 Conn. at 174-75. As Judge Levin explained in Brosnan, that statutory scheme embodies a careful trade-off, with employees surrendering common law claims in exchange for the certainty of a statutory remedy -- a remedy that includes explicit protections in the event of bad faith defense of such claims. Brosnan, 1997 WL 678197 at **8.

3.  A majority of states agree that a tort action for damages arising out of the delay in paying or in terminating workers' compensation benefits to an employee is barred by exclusivity. These decisions recognize that bad faith delays and related conduct can be addressed with the workers' compensation commissioners, through statutorily created procedures and penalties; as discussed above, the Connecticut Workers' Compensation Act itself provides for punitive remedies in the form of attorneys' fees, in the event of delayed payments and unreasonable contests of benefits. As the leading commentator on workers' compensation has stated, it is imperative for state courts to avert "the temptation to shatter the exclusiveness principle by reaching for the tort weapon whenever there is a delay in payments or a termination of treatment . . . ." Brosnan, 1997 WL 678197 at **9 (quoting 2A A. Larson, Workers' Compensation § 68.34(c) at 13-145). Permitting such lawsuits for undue delay or related misconduct would prolong litigation and risk double recoveries and inconsistent factual findings -- exactly the results that the legislature wished to avoid by enacting the comprehensive statute.

4.  As the Connecticut Appellate Court has pointed out, the administration and interpretation of the relevant statutory provisions is a primary function of workers' compensation commissioners and, on appeal, the Compensation Review Board. Those bodies

> have an intimate knowledge of and experience with the statutes, regulations, history and culture of workers compensation. The commissioner, moreover, not only has knowledge of the facts of the case, but a unique insight into the actual trial of the case, before he exercises his discretion whether to award interest and attorneys fees pursuant to § 31-300. . . . This knowledge cannot reasonably be imported into a jury trial. . . . Especially where, as here, it is claimed that the plaintiff's injuries are substantial, it is all too easy for a jury to conclude that a respondent or insurer who did not prevail before the workers' compensation commissioner or conceded compensability only after discovery and a full

9

investigation, unreasonably contested the claim.

Brosnan, 1997 WL 678197 at **10.

In fact, the Brosnan analysis, despite its thoroughness, fails to go one step further in this analysis, and to point out one significant reason why plaintiff's claim should be barred by statutory exclusivity: the very real possibility that the workers' compensation commissioner who presided over formal hearings (and who, in this case, has yet to even issue an opinion on the compensability of plaintiff's injuries), rather than ultimately adjudicate the issue of whether the Trust administered plaintiff's claims properly, will end up as a witness in this federal court proceeding. After all, that commissioner will have sat through not only the formal hearings, which are transcribed, but also informal discussions about claims and defenses; he or she will be the individual most closely familiar with the conduct of parties and their counsel in this workers' compensation litigation. It is therefore inevitable that the trial commissioner would be included on any witness list of those who have knowledge about the employer/insurer's defense of the compensation claim. To say that making a witness of the trial commissioner under such circumstances was not contemplated by the workers' compensation statute, however, would surely be an understatement.

The Brosnan court ruled that claims such as the plaintiff's are barred by the workers' compensation statute, and this Court should reach the same result for the reasons explained in such depth by Judge Levin.

III.   PLAINTIFF'S CLAIM SHOULD BE DISMISSED AS FRIVOLOUS ON ITS FACE

Plaintiff is proceeding in this lawsuit in forma pauperis, pursuant to 28 U.S.C. § 1915(e)(2). Under that statute, this court "shall dismiss the case at any time if the court

determines that . . . the action is frivolous . . ." Based on the arguments set forth above, this court should dismiss the claims against the Trust as frivolous.

IV. IN THE ALTERNATIVE, THE COURT SHOULD ABSTAIN FROM THE CASE AGAINST THE TRUST

Even if the Court were to conclude that it has subject matter jurisdiction, and that plaintiff's claim against the Trust should not be dismissed on substantive grounds, it should abstain from exercising jurisdiction over this claim, because plaintiff has a pending workers' compensation case in which he can seek any benefits to which he feels he is entitled.

A federal court may abstain from exercising its jurisdiction. Although a pending state proceeding "does not generally bar proceedings involving the same matter in a federal court, a federal court may dismiss a federal suit for 'reasons of wise judicial administration' where there are 'exceptional' circumstances." Id. "To determine whether abstention . . . is appropriate, a district court is required to weigh six factors, with the balance heavily weighted in favor of the exercise of jurisdiction." De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir. 1989). The six factors include: (1) the assumption of jurisdiction by either forum over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order under which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. Id. "[N]o single factor is necessarily decisive and . . . the test does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Id.

11

Factors one and two do not seem applicable; there is no "res" at issue, and the federal forum is neither convenient or inconvenient compared to the state forums. Factors 3 through 6, however, strongly point to abstention. If this Court exercises jurisdiction over plaintiff's claim to benefits, it may interfere with a pending workers' compensation case that is intended to decide the very same issues. In fact, plaintiff has sought an emergency trial in that case, and a decision can be expected soon. A ruling by this court may well contradict decisions of the Commission, which obtained jurisdiction before September 5, 2003 (when plaintiff appears to have filed his complaint against the Trust). See Exhibit 5 (denial of workers' compensation claim, filed on June 4, 2003). State law has and will continue to provide the rule of the decision, because plaintiff seeks and has sought remedies particular to the state of Connecticut through its workers' compensation system. Finally, plaintiff is already receiving protection and due process from the state Workers' Compensation Commission, which is soon conducting formal hearings on the Trust's right to deny plaintiff's request for benefits. Those proceedings will afford plaintiff every avenue to ensure protection of his rights, and plaintiff has been diligent in exercising his rights in that forum. See Exhibit 6 (plaintiff's memorandum of law in support of right to benefits). Abstention from deciding the claim against the Trust would therefore be appropriate and would protect the integrity of Connecticut's workers' compensation system.

## CONCLUSION

For these reasons, defendant Connecticut Healthcare Workers' Compensation Trust respectfully requests that the complaint against it be dismissed. In the alternative, the Trust requests that the Court abstain from exercising jurisdiction over the claim against it.

DEFENDANT
CONNECTICUT HEALTHCARE WORKERS'
COMPENSATION TRUST

By: _____
Andrew A. Cohen, ct07124
Anne K. Millham, ct13579
Letizia, Ambrose & Falls, P.C.
One Church St.
New Haven, CT 06510
(203) 787-7000

13

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this 16th day of January, 2004 by first class mail, postage prepaid, to all counsel of record and pro se parties, as follows:

Stanley Chance
99 Jetland Street
Bridgeport, CT 06605
Pro Se Plaintiff

Julie D. Blake, Attorney
Rome, McGuigan, Sabanosh
One State Street, 13th Floor
Hartford, CT 06103-3101
Phone: 860-549-1000
E-mail: jblake@rms-law.com
On Behalf of Defendants KEMKO and Kim Curtin

Mr. Danny Oller
Ms. Linda Vosd
5 Ridgefield Avenue
Bridgeport, CT 06604

Ms. Judith Howard
32 Peach Tree Drive
Seymour, CT 06483

St. Vincent's Immediate Care Center
4490 Main Street
Bridgeport, CT 06606

Gallahan Basset Services, Inc.
2 Neshaminy Interplex
Suite 201
Trevose, PA 19053

Ms. Lisa Moore
20 Sunshine Circle
Bridgeport, CT 06606
Ms. Angelique Conroy
37 Maple Drive
Cos Cob, CT 06807

Ms. Dorothy Cedrone
111 Trelane Drive
Bridgeport, CT  06606

General Motors Corporation
3044 West Grand Boulevard
Detroit, MI  48202

_____
Andrew A. Cohen