Connecticut Trial Ct. Unpublished Decisions

GYADU v. CHAIRMAN, WORKERS COMPENSATION COMM., No. 122258 (Dec. 9, 1994)

BEN F. GYADU v. CHAIRMAN, WORKERS COMPENSATION COMMISSION

*1994 Ct. Sup. 12636*

No. 122258

Superior Court

Judicial District of Waterbury

December 9, 1994

MEMORANDUM OF DECISION

SULLIVAN, J.

The plaintiff, acting pro se, initiated this action against the defendant, the Chairman of the Workers' Compensation Commission, claiming various damages attributed to the defendant's allegedly arbitrary and capricious handling of the plaintiff's claim for workers' compensation benefits.

The plaintiff alleges that (8) eight years ago he sustained a work related injury rendering him unemployable in his profession, for which he applied and received workers'
CT Page 12637
compensations benefits. He alleges that he has not held a job for the past eight years, while he has been receiving compensation benefits.

The plaintiff alleges that he has been abandoned and discriminated against by the defendant and the Workers' Compensation Commission. Specifically, the plaintiff claims that his permanent disability benefits are the maximum allowable under the workers' compensation laws. (See General Statutes § 31-309.) He alleges that the maximum allowable benefit was increased (pursuant to P.A. 91-339), and he applied for an increase in his benefits, but his application was denied because his injury was sustained prior to the change in the statute. In addition, the plaintiff alleges that he was denied job training and the assistance necessary to enable him to get a job. He alleges that he applied for rehabilitative and vocational job training and waited a year for the training, at which point he was told that he was not entitled to participate in the program because he had a college degree. In fact, at the hearing on the motion to dismiss the plaintiff noted that, while disabled, he had received bachelor degrees in geology in 1989-1990, economics in 1989-1990, and business administration in 1980-1981, and masters degrees in public administration in June 1994 and business administration in 1981-1982. He also alleges that he was denied the assistance necessary to allow him to do his graduate work, although he does not allege the specific form of assistance denied to him.

Also, the plaintiff alleges that he applied for a lump sum portion of his benefits against his disability allowance (see General Statutes § 31-302), but the commissioner, in determining the amount of the lump sum benefit, was going to apply the current discount rate rather than the discount rate applicable at the time of the accident. The plaintiff claims that the currently discounted lump sum benefit would have been inadequate for his educational needs and, therefore, he was forced to borrow money for his education. He claims that the decision by the commissioner to apply the current discount rate was arbitrary and capricious.

The plaintiff seeks an increase in the amount of his benefits comparable to the increase afforded by 1991, P.A. 91-339. In addition, the plaintiff seeks to have the commission pay for his student loan. Finally, the plaintiff prays for monetary damages against the defendant in order to compensate
CT Page 12638
him "for all those resultant problems the defendant's abandonment and discriminatory practices have caused plaintiff. . ."

The defendant has filed a timely motion to dismiss the complaint, arguing that the plaintiff has failed to exhaust his administrative remedies pursuant to the Workers' Compensation Act (hereinafter the "compensation act") and, therefore, the court does not have subject matter over the plaintiff's claims. The plaintiff did not file any memorandum in opposition. On October 17, 1994, a hearing was held on the defendant's motion to dismiss.

"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531, 544-45, 490 A.2d 509 (1991). If, on the face of the record, the court concludes that it is without jurisdiction, the complaint must be dismissed. Upson v. State, supra 626.

> "`It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter.'" LaCroix v. Board of Education, 199 Conn. 70, 83-84, 505 A.2d 1233 (1986), quoting Connecticut Mobile Home Assn., Inc. v. Jensen's, Inc., 178 Conn. 586, 588, 424 A.2d 285 (1979). Furthermore, "[b]ecause the exhaustion doctrine implicates subject matter jurisdiction, we must decide as a threshold matter whether that doctrine requires dismissal of the plaintiffs' claim. . . . [W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to its previous rulings." (Citations omitted; internal quotation marks omitted.) Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556-57, 529 A.2d 666 (1987).

(Footnote omitted.) Polymer Resources, Ltd. v. Keeney,

227 Conn. 545, 557, 630 A.2d 1304 (1993). In applying the exhaustion doctrine, the court must
CT Page 12639

> "examine the complaint to determine whether [the plaintiff was] required to exhaust an administrative remedy before the Superior Court could entertain th[e] action. Whether prior recourse to the agency will be required will depend on the injury alleged and the administrative remedy available." (Internal quotation marks omitted.) Savoy Laundry, Inc. v. Stratford, 32 Conn. App. 636, 640, 630 A.2d 159, cert. denied, 227 Conn. 931, 632 A.2d 704 (1993).

Maresca v. Ridgefield, 35 Conn. App. 769, 772, ___ A.2d ___ (1994).

The compensation act establishes an administrative procedure for the resolution of claims for compensation under the act. Compensation commissioners have the authority to hear all matters arising under the compensation act with respect to entitlement to benefits. See General Statutes § 31-280(b)(1) ("The chairman of the workers' compensation commission shall . . . assign compensation commissioners . . . to hear all matters arising under this chapter"); see also General Statutes § 31-297 (commissioner are to hold hearings on any claim of entitlement to compensation under provisions of compensation act). The compensation act also contains provisions for reviewing any decision of the commissioners with respect to any claim for compensation under the act. Pursuant to General Statutes § 31-301(a) "[a]t any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the compensation review board. . . ." See also General Statutes § 31-280b(b) (the compensation review board "shall review appeals of decisions made by the compensation commissioners pursuant to [Chapter 568, the compensation act]"). If the parties are still aggrieved by the decision of the compensation review board, the compensation act provides for an appeal of any question of law to the appellate court. General Statutes § 31-301b.

A review of the plaintiff's complaint illustrates three underlying claims of alleged wrongdoing by the defendant. First, the plaintiff alleges that he was denied an increase in his benefits in accordance with the statutory increase in the maximum benefit afforded by General Statutes § 31-309. Second, the plaintiff alleges that he was denied proper rehabilitative
CT Page 12640
services, forcing the plaintiff to take student loans at his own expense. Finally, the plaintiff claims that the commission arbitrarily applied a current discount rate to his application for a lump sum portion of his benefits. Although the plaintiff makes a general allegation of discrimination, the three alleged acts of wrongdoing discussed above are the only basis of specific wrongdoing on which the plaintiff's claims for damages are based. The plaintiff has not alleged that he had been treated differently than any other claimants.

The plaintiff's three claims of wrongdoing fall within the scope of the administrative remedies imposed by the compensation act, and are therefore committed to the administrative review procedures therein. As noted above, the plaintiff claims that the commission incorrectly applied a current discount rate to the plaintiff's claim for a lump sum benefit. General Statutes § 31-302[fn1] provides the commissioner with the authority to order the payment of benefits in a lump sum. Accordingly, the decision of the commissioner to apply a current discount rate in calculating the amount of the lump sum was an "order or decision of the commissioner" under General Statutes § 31-301(a), and as such it was subject to the administrative review procedures of General Statutes § 31-301 (a). The compensation act provided the plaintiff with an administrative remedy to review the commissioner's decision with respect to the payment of lump sum benefits. Therefore, the plaintiff was required to exhaust those administrative procedures.

Additionally, the commission's allegedly improper denial of rehabilitative services and training are subject to administrative review under the act. Pursuant to § 31-313-2(b)[fn2] of the Regulations of Connecticut State Agencies, a claimant may request a formal hearing if he believes he is entitled to rehabilitative services. If the parties cannot agree about the form of the rehabilitative services that the employee should receive, "the commissioner shall upon request of any party assign the matter for a formal hearing and at such hearing he shall hear all proper evidence material to the issue." Regs., Conn. State Agencies, § 31-313-2 (b). The commissioner is empowered to make a finding and award with respect to the proper rehabilitative services required under the circumstances. Regs., Conn. State Agencies, § 31-313-2 (c). Therefore, the compensation commission allows an employee who feels that he is entitled to rehabilitative services to request a hearing before a commissioner, who in turn renders a decision with respect to
CT Page 12641
the extent of the proper rehabilitative services required. That decision, as a decision of the commissioner under General Statutes § 31-301(a), is reviewable by the compensation review board pursuant to General Statutes § 31-301(a).

The plaintiff also claims that the commission improperly denied his application for an increase in the amount of his benefits. General Statutes § 31-297 provides an injured employee with the right to a hearing where there is a dispute with respect to a claim for compensation under the provisions of the act. As the plaintiff alleges, he applied for additional benefits, and the commissioner denied the motion for an increase. Accordingly, as a decision of the commissioner, the plaintiff was entitled to appeal this decision to the compensation review board pursuant General Statutes § 31-301.

A review of the plaintiff's complaint indicates that the compensation act provided the plaintiff with an administrative remedy, pursuant to General Statutes § 31-301, for reviewing the claims currently before this court. The plaintiff has not alleged compliance with General Statutes § 31-301, and the evidence adduced at the hearing on the motion to dismiss indicates that the plaintiff did not seek review before the compensation review board. Additionally, even if the plaintiff

had sought review pursuant to General Statutes § 31-301, this court would still be without jurisdiction to review these claims because General Statutes § 31-301b provides for an appeal of a decision of the compensation review board directly to the appellate court. Accordingly, the court finds that an adequate administrative remedy existed, and the plaintiff failed to pursue that remedy. This court does not have subject matter jurisdiction to review the plaintiff's claims. Therefore, the defendant's motion to dismiss is granted.

WILLIAM J. SULLIVAN, J.

[fn1] General Statutes § 31-302 provides in relevant part as follows:
> Compensation payable under this chapter shall be paid at the particular times in the week and in the manner the commissioner may order, . . . but, when he finds it just or necessary, the commissioner may approve or direct the commutation, in whole or in part, of weekly compensation under the provisions of this chapter into monthly or quarterly payments, or into a single lump sum, which may

CT Page 12642
> be paid to the one then entitled to the compensation, and the commutation shall be binding upon all persons entitled to compensation for the injury in question. In any case of commutation, a true equivalence of value shall be maintained, with due discount of sums payable in the future; and, when commutation is made into a single lump sum, the commissioner may direct that it be paid to any savings bank, trust company or life insurance company authorized to do business within this state, to be held in trust for the beneficiary or beneficiaries under the provisions of this chapter and paid in conformity with the provisions of this chapter.

[fn2] Sections 31-313-2(b)-(c) of the Regulations of Connecticut State Agencies provide as follows:
> (b) If either the employee or the employer-insurer feels that rehabilitative training under this section would be of benefit in returning the injured employee to productive activity, but the parties cannot agree on the issue, either may apply to the commissioner and request a conference. At the time of such request the applying party should indicate the nature and type of rehabilitative training desired, the name of the institution or individual who is suggested as a desirable source of such training and, if possible, an outline of the claimant's qualifications to be a suitable candidate for such training. Upon the receipt of such a request the commissioner shall promptly assign the matter for a conference. If at such conference agreement cannot be reached between the parties, the commissioner shall upon request of any party assign the matter for a formal hearing and at such hearing he shall hear all proper evidence material to the issue.
> (c) After such hearing the commissioner shall make a finding and award based on the evidence submitted.

Copyright © 2004 Loislaw.com, Inc. All Rights Reserved



**State of Connecticut**
**Workers' Compensation Commission**

Please TYPE or PRINT IN INK

Rev. 7-22-2002

**43**

WCC File #

# Notice to Compensation Commissioner and Employee of Intention to Contest Employee's Right to Compensation Benefits

Date filed in District

(for WCC use only)

### Employee

Name **Sandra Griffin**
Soc. Sec.# (optional) **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**
D.O.B. **08/26/1963**
Address **c/o Embry & Neusner**
City/Town _____ State _____
Zip Code _____ Tel.# _____

### Attorney or Representative of Employee

Name **Gary Huebner, Atty.**
Name of Firm **Embry & Neusner**
Address **P.O. Box 1409**
City/Town **Groton** State **CT**
Zip Code **06340** Tel.# **(860)449-0341**

### Employer

Name **Southeastern Council on Alcoholism &**
Address **37 Camp Moween Road**
City/Town **Lebanon** State **CT**
Zip Code **06249** Tel.# **(860)886-2495**

### Insurer

Claim Number **31957 AAA**

Name **CHWCT c/o Letizia, Ambrose & Falls**
Address **One Church Street**
City/Town **New Haven,** State **CT**
Zip Code **06510**

Contact Person **Polly L. Orenstein, Atty.**
Tel.# **(203)787-7000**

### Injury

Date of Injury **02/18/2001**
Date of Death _____
City/Town of Injury **Lebanon**
State **CT** Zip Code _____
Body Part(s) **Back**
Nature of Injury **Strain**

☐ Check, if an Occupational Disease or a Repetitive Trauma

### Reason(s) for Contest — Signature

You are hereby notified that the employer/insurer will contest liability to pay compensation benefits to the employee named on this form for the following reason(s) — SPECIFIC EXPLANATION REQUIRED:

Southeastern Council on Alcoholism & Drug Dependency and CHWCT accepted 2/8/01 slip and fall on ice and paid 7% permanent partial disability benefits of the lumbar spine. The Claimant had a subsequent motor vehicle accident on 1/27/03. Her attending physician, Dr. Paonessa, opined that the 1/27/03 accident was a substantial factor in her current back condition and he assigned an additional 3% permanent partial disability as a result of the 2nd accident. CHWCT denies authorization for pain management and other treatment as it is unrelated to the initial injury. Under Hatt v. Burlington Coat Co., 263 Conn. 279 (2003), liability for treatment rests on Liberty Mutual Ins. Co. which is the carrier for the second injury.

Signature _____
Date **1/16/04**
Name (type or print) **Polly L. Orenstein**
Title **Attorney**

This notice must be served upon the Commissioner and Employee (or representative, if applicable) by personal presentation or by registered or certified mail. When medical care is the issue for contest, send a copy of this form to the medical provider also. For the protection of both parties, the claimant should note the date when this notice was received and the employer/insurer should keep a copy of this notice with the date it was served.