ARK/MFZ

WCC FILE # 400053568

STANLEY CHANCE

VS.

CURTIN MOTOR LIVERY SERVICE
INCORPORATED

CONNETICUT HEALTHCARE
WORKERS COMPENSATION TRUST:

: WORKMANS COMPENSATION
: COMMISSION
: STATE OF CONNECTICUT

: OCTOBER 14, 2003

## CLAIMANTS' MEMORANDUM OF LAW IN SUPPORT OF WORKMANS COMPENSATION

### 1). FACTS:

On January 22, 2003, February 18, 2003 and May 22, 2003, the claimant, Stanley Chance was in car accidents while on duty as a driver for Curtin Motor Livery Service ("Curtin Transportation") which were not his fault and which the airbags in the vehicles never deployed.

In the last accident, May 22, 2003, the vehicle was destroyed and the claimant was lucky to even walk out of the accident alive.[1]

Although the claimant suffered minor physical injury, the claimant submitted a claim the above captioned case for Post Traumatic Stress/ Repetitive Trauma.

---

[1] The claimant will submit pictures of the vehicle have soon as he gets them developed.

1

The employer has contested the claims and the Commissioner (Honorable Michelle D. Truglia) ordered the claimant to submit memorandum of law which would entitle him to relief.[2]

## 2) ARGUMENT:

IT is well established that "Any employee who has sustained and injury in the course of employment may make a claim for workers compensation benefits... "Injury" is defined in 31-275 (8) as an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment and occupational disease...[t]he use of the term "injury" is without limitation, and there is nothing in the statute to suggest the proposed limitation...This court has never hypothesized that mental injury alone could not be the subject of compensation provided that it is causally connected to the employees work" _Crochiere -vs- Board of Education_, 630 A.2d 1027, 1041 (Conn. 1993); "Accordingly, we hold that mental disorder, even if not accompanied by physical trauma to the body, constitutes an injury...To hold otherwise would be to create an artificial distinction _Id at 1043_

Also see _Gartrell -vs- Department of Correction_, 787 A.2d 541, 550 (Conn. 2002) (Supreme Court holding that "an employee who suffers from a

---

[2] The claimant has been waiting for instructions when to submits the memorandum but has never received them and is now submitting this memorandum

2.

mental or emotional impairment that arises from physical injury or occupational disease is still entitled to compensation for that impairments).

In *Crochiere*, which is a case in which a teachers was accused of sexual harassment by a student and he claimed workers compensation for post traumatic stress and was awarded benefits by the Commissions, the defendants Board of Education Appealed and the Connecticut Supreme Court affirmed the awarding of benefits sating that the teachers metal breakdown "arose out of the course of the teachers employment for workers composition purpose since his mental injury resulted from mental stress associated with students allegations of sexual misconduct allegedly occurring during music lessons at his place of employment" *Crochiere*, 630 A.2d, 1027 ((Conn. 1993)

In the instant case, the claimant, Stanley Chance is a driver for Curtin Transportation, on 3 occasion he was in car accidents, while in Curtin Vehicles (i.e. casually connected with his employment) which were not his fault and the airbags did not open in any of the accidents, this is clearly a case of repetitive trauma/ post traumatic stress which the claimant is entitled to relief.

Based upon the Supreme Courts holdings in both *Crochiere* and *Gartrell*, post traumatic stress/ repetitive trauma or compensadable injuries

### 3. CONCLUSION:

To the extent that the defendants claim the claimant stress/ repetitive trauma is not covered as a workers compensation injury, this argument is without merit and the claimant's claims should be approved forthwith

RESPECTFULLY SUBMITTED
THE CLAIMAMT

Stanley Chance, PRO SE:
99 Jetland Street
Bridgeport, CT. 06605
(203) 685- 6038
Stanleychance@yahoo.com

### CERTIFICATION

I hereby certify that a copy of the foregoing was faxed and mailed On October 14, 2003 to:

Anthony R. Kornacki, Esq.
Law Offices of Letizia, Ambrose & Falls
1 Church Street
4th Floor
New Haven, CT. 06510

Stanley Chance, PRO SE: