UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STANLEY CHANCE | : NO.: 3:03CV441 (JCH) |
| v. | : |
| KEMCO, ET AL | : FEBRUARY 4, 2004 |

### GENERAL MOTORS CORPORATION'S SEPARATE ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant General Motors Corporation ("GM"), for its separate Answer to plaintiff's Amended Complaint, admits, denies and alleges as follows:

1. GM denies the allegations in plaintiff's Amended Complaint which are not hereinafter specifically admitted or otherwise responded to.

2. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 through 8 of plaintiff's Amended Complaint, and therefore denies those allegations.

3. To the extent that the allegations contained in Paragraph 9 of plaintiff's Amended Complaint may be directed at GM, GM denies them. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of plaintiff's Amended Complaint.

4. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 10 through 50 of plaintiff's Amended Complaint, and therefore denies those allegations.

5. To the extent that the allegations contained in Paragraph 51 of plaintiff's Amended Complaint may be directed at GM, GM denies them. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of plaintiff's Amended Complaint.

6. GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 52 through 65 of plaintiff's Amended Complaint, and therefore denies those allegations.

7. With regard to the allegations contained in Paragraph 66 of plaintiffs' Amended Complaint, GM specifically denies the allegation that the air bags in three different GM vehicles were defective. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66 of plaintiff's Amended Complaint, as the plaintiff has not provided a vehicle identification number for any of the vehicles described in his Amended Complaint, and therefore GM denies those allegations.

8. With regard to the allegations contained in Paragraph 67 of plaintiffs' Amended Complaint, GM admits only that it is a Delaware Corporation, with its principal place of business in Detroit, Michigan, and that it manufactures in part

Chevrolet model motor vehicles, including the Caprice and the Astro Van. GM specifically denies the allegation that the air bags in three different GM vehicles were defective. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of plaintiff's Amended Complaint, as the plaintiff has not provided a vehicle identification number for any of the vehicles described in his Amended Complaint, and therefore GM denies those allegations.

9.   GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 68 through 72 of plaintiff's Amended Complaint, and therefore denies those allegations.

10.  With regard to the allegations contained in Paragraph 73 of plaintiff's Amended Complaint, GM specifically denies that it has caused or contributed to any personal injury to or economic loss of the plaintiff.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted, particularly because the Amended Complaint does not provide vehicle identification numbers for the three GM vehicles plaintiff alleges to be defective, precluding GM from identifying these vehicles.

### Second Affirmative Defense

GM alleges that plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations in Conn. Gen. Stat. §52-577a.

### Third Affirmative Defense

GM alleges that any loss, damage, or injury which plaintiff may have sustained as alleged in the Amended Complaint was caused or contributed to by plaintiff's own fault. Plaintiffs' recovery, if any, should therefore be diminished or barred in accordance with law.

### Fourth Affirmative Defense

GM alleges that any loss, damage, or injury which plaintiff may have sustained as alleged in the Amended Complaint was caused or contributed to by the negligence or wrongful acts or omissions of persons, corporations, or entities other than this defendant over whom this defendant exercised no control and for whose acts or omissions GM is neither responsible nor liable.

**Fifth Affirmative Defense**

GM alleges that plaintiff's injuries were caused by the misuse of the vehicles described in plaintiff's Amended Complaint, or by modification or alteration of the vehicles and their parts.

**Sixth Affirmative Defense**

GM alleges that the plaintiff failed to mitigate damages.

**Seventh Affirmative Defense**

The acts or omissions of other parties over whom this defendant exercised no control and for whose acts or omissions GM is neither responsible nor liable are a superseding cause of plaintiff's injuries. Plaintiff's claims against GM are therefore barred.

**Eighth Affirmative Defense**

GM alleges that the vehicles generally described in plaintiff's Amended Complaint complied with all applicable federal, state, and administrative regulations at the time of their manufacture.

**Ninth Affirmative Defense**

GM alleges that the plaintiff violated applicable motor vehicle rules of the road and statutory and common law obligations and duties as a driver, and plaintiff is therefore barred in whole or in part from recovery.

**Tenth Affirmative Defense**

GM alleges that plaintiff's violation of applicable motor vehicle rules of the road and other statutory obligations constitutes negligence per se.

**Eleventh Affirmative Defense**

GM alleges that the vehicles generally described in plaintiff's Amended Complaint and all of their component parts were within the state of the art at the time they left the possession of General Motors Corporation.

**Twelfth Affirmative Defense**

GM alleges that plaintiff's claims against GM are groundless and frivolous, and that GM is entitled to reasonable attorneys' fees under Conn. Gen. Stat. §52-240a.

**Thirteenth Affirmative Defense**

GM reserves the right to raise additional affirmative defenses as may become available throughout investigation and discovery.

WHEREFORE, defendant General Motors Corporation demands judgment dismissing plaintiffs' Amended Complaint with prejudice, and awarding to GM its costs and disbursements or such other relief as the Court deems is fair, just and equitable.

DEFENDANT,
GENERAL MOTORS CORPORATION

By_____
Mark J. Claflin
ct06218
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail: mclaflin@hl-law.com

-and-

Kent B. Hanson (of counsel)
Lezlie Ott Marek (of counsel)
HANSON, MAREK, BOLKCOM & GREENE, LTD.
2200 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
Tel: 612.342.2880
Fax: 612.677.3772

ATTORNEYS FOR DEFENDANT GENERAL MOTORS CORPORATION

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail, to the following counsel of record this 4th day of February, 2004, 2004.

Mr. Stanley Chance
99 Jetland Street
Bridgeport, CT 06605

Kent B. Hanson, Esquire
Lezlie Ott Marek, Esquire
Hanson, Marek, Bolkcom & Greene, Ltd.
2200 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402

_____
Mark J. Claflin