UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STANLEY CHANCE : CIVIL CASE NO: 3:03CV441 (JCH)

VS. :

KEMCO :
KIM CURTIN :
DANNY OLLER :
LINDA BOYD (VOID) : FEBRUARY 18, 2004

## PLANITFFS' OPPOSSITION TO DEFENDANTS' KEMCO AND KIM CURTINS' MOTION TO DISMISS

The plaintiff would first like to apologize to the Court and Attorney Julie Blake for the extensions of times, which were not meant to cause undue delay.

The plaintiff has bee scouring over Federal Reporters and Supplements the last 2 weeks and at his uncles wake he remembered something his uncle always said which was "People will always came up with complicated answers to the simplest of question", which is what the plaintiff was about to do with his 10 pages of case law but he changed his mind after really reading the defendants' motion to dismiss.

The defendants motion to dismiss is simple, plain and to the point, they argue that the plaintiff cannot be granted relief on his complaint because there was no state involvement and no federal question pursuant to 28 U.S.S, Section 1331 and they base there argument The *Civil Rights Case, 109 U.S. 3 (1883),* please give the plaintiff a moment to sneeze. Its anybody guess when the last time this book was used and the plaintiff had to blow off the dust.

1

The defendant's reliance on The Civil Rights Case of 1883 is without merit and contrary to their argument the plaintiff does not have to allege any state action to go forward with this case.

Specifically the 42 US.C, Sections 1981 and 2000e-(2) and (3), Unlawful Employment Practices are just 2 of the many federal causes of action which the plaintiff has stated in his compliant and these do not require state involvement.

"It is not necessary that employment practices action actually be unlawful, in order to make out a prima facie case of discrimination based on opposition to unlawful employment; opposition clause protection will be accorded when opposition is base on reasonable belief that employer has engaged in unlawful employment practices" See Moyo-v-Gomez, 40 F.3d 982, cert. denied 115 S.Ct 732 513 U.S. 1081, 103 L.ED.2D 635 (1995)

The plaintiff has clearly alleged allegation, which constitutes unlawful employment practices pursuant to 42 U.S.C, Section 2000e-(2) and (3).

The issue on a motion to dismiss is not weather the plaintiff will ultimately prevail but weather he is entitled to offer evidence to support his claim.

For the forgoing reason the defendant's motion to dismiss should be denied with prejudice.

RESPECTFULLY SUBMITTED<br>
THE PLAINTIFF

Stanley Chance, PRO SE:
99 Jetland Street
Bridgeport, CT. 06605
(203) 685 –6038
Stanleychance@yahoo.com

## CERTIFICATION

I hereby certify that a copy of the forgoing was mailed on February 18, 2004 to:

Julie D. Blake, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT. 06103

Stanley Chance, PRO SE:

3