UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN—CIVIL DEPARTMENT

STANLEY CHANCE,        )
                       )
    Plaintiff,         )
                       )
vs.                    )
                       )
KEMCO, d/b/a Curtin Transportation Group;  )
KIM CURTIN; DANIEL OLLER; JUDITH           )
HOWARD; LINDA BOYD; CONNECTICUT            )
HEALTHCARE WORKERS' COMPENSATION           )
TRUST; GALLAGHER BASSET SERVICES,          )   Case No. 3:03-CV-441
INC.; LISA MOORE; ANGELIQUE CONROY;        )   Date: March 22, 2004
DOROTHY CEDRONE; ST. VINCENT'S             )   Judge Janet Hall
IMMEDIATE CARE CENTER; and, GENERAL        )
MOTORS CORPORATION.                        )
                                           )
    Defendants.                            )
                                           )   March 29, 2004

**FORM 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: April 23, 2003

Date Amended Complaint Filed: September 5, 2003

Date Complaint Served: See below

<u>Defendant</u>                                          <u>Date of Service</u>
Kemco and Kim Curtin                                 On or about August 1, 2003
Connecticut Healthcare Workers' Compensation Trust   December 11, 2003
General Motors Corporation                           December 23, 2003

Date of Defendants' Appearance: See below

| Defendant | Date of Appearance |
|---|---|
| Kemco and Kim Curtin | August 20, 2003 |
| Connecticut Healthcare Workers' Compensation Trust | January 7, 2004 |
| General Motors Corporation | January 20, 2004 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on March 11, 2004. The participants were:

Julie Blake for defendants Kemco and Kim Curtin; Andrew Cohen for defendant Connecticut Healthcare Workers' Compensation Trust; Lezlie Ott Marek and Mark Claflin for defendant General Motors Corporation.

Plaintiff Stanley Chance did not appear. In a letter dated March 4, 2004, Counsel for General Motors Corporation's informed Mr. Chance of the mandatory conference and requested that he respond to the letter and make plans to participate. Mr. Chance failed to respond to the letter, and did not contact counsel for any of the parties prior to the conference.

I.  Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. Jurisdiction

  A.  Subject matter Jurisdiction

Plaintiff's Complaint purports to base federal jurisdiction on 28 U.S.C. §1331; jurisdiction cannot be founded on diversity, since the plaintiff and some of the defendants are citizens of Connecticut. None of the defendants concede that the Court has subject matter jurisdiction

over the plaintiff's action. Defendants Kemco and Kim Curtin's challenge to the Court's jurisdiction is described in their pending motion to dismiss, and argues that without state actors, the plaintiff cannot prevail on his claim of due process. Defendant Connecticut Healthcare Workers' Compensation Trust asserts that the Court does not have jurisdiction over it because the plaintiff failed to exhaust his administrative remedies as required by Connecticut law, as asserted in its pending motion to dismiss. Defendant General Motors Corporation asserts that the Court lacks jurisdiction because the plaintiff's claims against it do not raise a federal question, and are not so related to the original claims that purport to raise a federal question to confer supplemental jurisdiction to the Court under 28 U.S.C. §1367(a).

  B.  Personal Jurisdiction

Personal jurisdiction is not contested.

III.  Brief Description of Case

  A.  Claims of Plaintiff:

The plaintiff claims that Kemco and Kim Curtin violated his constitutional due process rights by firing him. The Amended Complaint also states that he claims "extortion, illegal employment practice, and involuntary servitude." The plaintiff claims that he was cruelly and unusually punished when Kemco threatened to fire him, and that he was fired without notice or a hearing.

The plaintiff claims that Connecticut Healthcare Workers' Compensation Trust refused to pay his workers' compensation claim, and did so in a conspiracy with Kemco to retaliate against the plaintiff for his lawsuit against Kemco.

The plaintiff claims that General Motors Corporation is liable for his inability to work due to his "repetitive stress disorder." Specifically, the plaintiff alleges that he was involved in three separate accidents with three different GM vehicles and, in each case, the air bag failed to deploy when it should have. Plaintiff claims that these accidents, and alleged air bag failures, have resulted in his "repetitive stress disorder."

The plaintiff also made claims against the other named defendants in this action, but has not yet served those defendants, and they have not appeared.

      B.     Defenses of Defendants:

Kemco and Kim Curtin: These defendants assert that the Court lacks subject matter jurisdiction over plaintiff's claims, as stated in their motion to dismiss. In the event their motion to dismiss is denied, they reserve the right to raise additional defenses in their Answer.

Connecticut Healthcare Workers' Compensation Trust: This defendant asserts that the Court lacks jurisdiction over the plaintiff's claims, as stated in its pending motion to dismiss. In the event that its motion to dismiss is denied, it reserves the right to raise additional defenses in its Answer.

General Motors Corporation: This defendant asserts that none of the vehicles involved in plaintiff's accidents were defective or in an unreasonably dangerous condition, and that plaintiff's claimed injuries are too remote from plaintiff's claims of defect. This defendant also asserts that the Court lacks jurisdiction over plaintiff's claims against General Motors Corporation.

      C.     Defenses and Claims of Third Party Defendant/s:  Not applicable

IV.    Statement of Undisputed Facts:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. Since Mr. Chance declined to participate in the 26(f) conference, the parties could not come to an agreement about the facts as alleged in his Complaint. Defendants state that the following material fact is currently the only undisputed fact:

      1)     Stanley Chance is a former employee of Kemco.

V.  Case Management Plan:

   A.  Standing Order on Scheduling in Civil Cases

The parties <u>request</u> modification of the deadlines in the Standing Order on Scheduling in Civil Cases:

All Discovery Completed: <u>September 20, 2004</u>.

Dispositive Motion Cut-off: <u>October 20, 2004</u>.

The participating parties also request that the Court <u>waive the F.R.C.P. 26(a) initial disclosure requirement</u> for all parties, and permit discovery to commence March 29, 2004.

   B.  Scheduling Conference with the Court

The parties <u>do not request</u> a pretrial conference with the Court before entry of a Scheduling Order pursuant to Fed. R. Civ. P. 16(b).

   C.  Early Settlement Conference

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement <u>is unlikely at this time</u>.

2.  The parties <u>do not request</u> an early settlement conference.

3.  The parties prefer a settlement conference with <u>a magistrate judge</u>.

4.  The parties <u>do not request</u> a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

  E.  Joinder of Parties and Amendment of Pleadings

  1.  Plaintiff should be allowed until <u>April 16, 2004</u> to file motions to join additional parties and to file motions to amend the pleadings.

  2.  Defendants should be allowed until <u>April 16, 2004</u> to file motions to join additional parties, and agree to respond to any further Amended Complaints within the time specified in the Federal Rules of Civil Procedure.

  F.  Discovery

  1.  The parties anticipate that discovery will be needed on the following subjects: Plaintiff's employment history; plaintiff's driving history; plaintiff's prior accidents; evidence regarding all claimed physical and mental injuries; information regarding the three alleged accidents, including information pertaining to the vehicles involved in the accidents; plaintiff's workers' compensation claim and the defense and handling of that claim; and related claims filed by plaintiff."

  2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by <u>March 29, 2004</u> and completed (not propounded) by <u>September 20, 2004</u>.

  3.  Discovery <u>will not</u> be conducted in phases.

  4.  Discovery will be completed by <u>September 20, 2004</u>.

  5.  The parties anticipate that the plaintiff will require a total of three (3) depositions of fact witnesses and that the defendants will each require a total of three (3) depositions of fact witnesses. The depositions will commence by <u>May 3, 2004</u> and be completed by <u>September 20, 2004</u>.

      6.      The parties <u>will not</u> request permission to serve more than 25 interrogatories per party.

      7.      Plaintiff [intends] [does not intend] to call expert witnesses at trial: unknown.

Since the plaintiff did not participate in the 26(f) conference, it is unknown whether he plans to call any experts.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 1, 2004.  Depositions of any such experts will be completed by July 20, 2004.

      8.      Defendants intend to call expert witnesses at trial.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by <u>August 20, 2004</u>. Depositions of such experts will be completed by <u>September 20, 2004</u>.

      9.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by <u>April 12, 2004</u>.

      G.      Dispositive Motions:

Dispositive motions will be filed on or before <u>October 20, 2004</u>.

      H.      Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed <u>60 days after all rulings on dispositive motions</u>.

VI.      TRIAL READINESS

The case will be ready for trial <u>30 days after the filing of the joint trial memorandum</u>. As officers of the Court, undersigned counsel agree to cooperate with each other and the Court

to promote the just, speedy and inexpensive determination of this action.

For Plaintiff Stanley Chance

_____Date:
Stanley Chance
99 Jetland Street
Bridgeport, CT  06606
Tel: (203) 685-6038

For Defendants Kemco and Kim Curtin

_____*Julie Blake*_____ Date: 3/26/04
Julie Blake, Esq.
ROME, MCGUIGAN & SABANOSH, P.C.
1 State Street
Hartford, CT 06103
Tel: (860) 493-3526
Facsimile: (860) 724-3921

Defendant Connecticut Healthcare Workers' Compensation Trust

_____ Date: 3/24/04
Andrew Cohen, Esq.
LETIZIA, AMBROSE & FALLS, P.C.
One Church Street
New Haven, CT 06510
Tel: (203) 787.7000
Facsimile: (203) 787-7001

Defendant General Motors Corporation

_____ Date:
Mark J. Claflin, Esq.
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114-1190
Tel: (860) 249-1361
Facsimile: (860) 522-9549

The undersigned pro se parties certify that they will cooperate with all other parties, counsel of record and the Court to promote the just, speedy and inexpensive determination of this action.

_____Date:
Stanley Chance
99 Jetland Street
Bridgeport, CT  06606
Tel: (203) 685-6038

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail, to the following counsel of record this 29th day of March, 2004.

Mr. Stanley Chance
99 Jetland Street
Bridgeport, CT 06605

Julie Blake, Esquire
Rome, McGuigan, Sabanosh, P.C.
1 State Street
Hartford, CT 06103

Andrew A. Cohen, Esquire
Letizia, Ambrose & Falls, P.C.
One Church Street
New Haven, CT 06510

Kent B. Hanson, Esquire
Lezlie Ott Marek, Esquire
Hanson, Marek, Bolkcom & Greene, Ltd.
2200 Rand Tower
527 Marquette Avenue
Minneapolis, MN  55402

                                                  _____
                                                  Mark J. Claflin