UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2004 APR 22 P 12: 52

| | |
|---|---|
| STANLEY CHANCE, | ) CASE NO. 3:03CV441(JCH) |
| Plaintiff | ) U.S. DISTRICT COURT |
| VS. | ) BRIDGEPORT, CONN |
| KEMKO, ET AL. | ) |
| Defendant | ) APRIL 20, 2004 |

## REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR ABSTAIN

Pursuant to Local Rule 7(d), Defendant Connecticut Healthcare Worker's Compensation Trust ("the Trust") files this reply brief to Plaintiff's one-page opposition to its Motion to Dismiss. (Defendant did not receive Plaintiff's opposition until one week ago, on April 13, 2004.) Plaintiff has provided no valid reason why his complaint should not be dismissed as to the Trust, and the Court should grant its Motion to Dismiss or Abstain.

Plaintiff concedes that the Workers' Compensation Commission has exclusive jurisdiction over workers' compensation claims. Plaintiff also concedes that the crux of his complaint relates to the reason for the Trust's denial of workers' compensation benefits. As argued in the Trust's Memorandum in Support of its Motion to Dismiss, whether or not the Trust has a valid reason to deny benefits to Plaintiff is an issue that Mr. Chance can pursue and is pursuing in the workers' compensation forum. Plaintiff's administrative remedies available in the workers' compensation forum have not yet been exhausted. A hearing as to Plaintiff's request for an emergency "final determination" regarding his right to benefits was held before Commissioner Waldron to determine compensability of Plaintiff's claim. Because Plaintiff did not submit any *prima facie*

1

medical evidence to support his claim at this hearing, he was given an extension of time until April 26, 2004, when a pre-formal hearing will be held to try to settle the claim (Exhibit A). Because the Workers' Compensation Commission has exclusive jurisdiction over this issue and Plaintiff has failed to exhaust his administrative remedies, as set forth in the Trust's Memorandum in Support of its Motion to Dismiss and/or Abstain, Plaintiff's case against the Trust should be dismissed.

Plaintiff mistakenly argues that the Trust is liable for the actions of Kemko under the doctrine of *respondeat superior*. "Under the doctrine of *respondeat* superior, [a] *master* is liable for the willful torts of his *servant* committed within the scope of the servant's employment and in furtherance of his master's business. . ." Mullen v. Horton, 46 Conn. App. 759, 764 (1997) (emphasis added)(citing Glucksman v. Walters, 38 Conn. App. 140, 144, cert. denied, 235 Conn. 914 (1995)). "Liability will generally not be imposed on the employer for negligence of an independent contractor because of the absence of the right to control." Menzie v. Winham Community Memorial Hospital, 774 F. Supp. 91, 94 (1991). Plaintiff has it backwards here because the Trust provides services to Plaintiff's employer, Kemko, and not the other way around. The Trust, therefore, cannot be held liable for the acts of Kemko under this doctrine. The plaintiff has failed to allege any kind of agency principal that would make the Trust liable for Kemko's actions.

Finally, Plaintiff argues concisely that he can maintain his action in tort for negligence and fraud. However, Plaintiff's only allegations against the Trust are contained in two paragraphs of his amended complaint, where he claims that the Trust "refused to pay him workman's [sic] compensation and have opposed it with the Workman's Compensation Commission," and that the Trust has "conspired with Curtin to deny the plaintiff Workman's Compensation in retaliation for

2

the plaintiff filing complaints Curtin [sic]." Complaint ¶¶ 71-72. Neither of these brief allegations provides the basis for a claim based on either negligence or fraud (or agency) against the Trust.

In addition, Plaintiff has failed to meet the pleading requirements for a fraud claim under Federal Rules of Civil Procedure Rule 9(b). Under Rule 9(b) "all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." "The Second Circuit has held that a complaint making allegations of fraud must (1) specify the statements that the plaintiff contends where fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Shields v. City Trust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). The plaintiff here has not come close to meeting this specific burden.

For the foregoing reasons, the Trust respectfully requests that the court grant its motion to dismiss or abstain.

                DEFENDANT
                CONNECTICUT HEALTHCARE WORKERS'
                COMPENSATION TRUST

By: _____
Andrew A. Cohen, ct07124
Anne K. Millham, ct13579
Letizia, Ambrose & Falls, P.C.
One Church St.
New Haven, CT 06510
(203) 787-7000

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this 20th day of April, 2004 by first class mail, postage prepaid, to all counsel of record and pro se parties, as follows:

Stanley Chance
99 Jetland Street
Bridgeport, CT 06605
Pro Se Plaintiff

Julie D. Blake, Attorney
Rome, McGuigan, Sabanosh
One State Street, 13th Floor
Hartford, CT 06103-3101
Phone: 860-549-1000
(Defendants KEMKO and Kim Curtin)

Mark J. Clafin, Atty.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190
(Defendant General Motors Corporation)

Kent B. Hanson, Atty.
Leslie Ott Marek, Atty.
Hanson, Marek, Bolkcom & Greene, Ltd.
2200 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402
(Defendant General Motors Corporation)

Mr. Danny Oller
Ms. Linda Vosd
5 Ridgefield Avenue
Bridgeport, CT 06604

Ms. Judith Howard
32 Peach Tree Drive
Seymour, CT 06483

St. Vincent's Immediate Care Center
4490 Main Street
Bridgeport, CT 06606

Gallahan Basset Services, Inc.
2 Neshaminy Interplex
Suite 201
Trevose, PA 19053

Ms. Lisa Moore
20 Sunshine Circle
Bridgeport, CT 06606
Ms. Angelique Conroy
37 Maple Drive
Cos Cob, CT 06807

Ms. Dorothy Cedrone
111 Trelane Drive
Bridgeport, CT 06606


_____
Anne K. Millham

P:\Chwct\Chance, S\replydismiss.mem.doc

5

# EXHIBIT A



**State of Connecticut Workers' Compensation Commission**
350 Fairfield Avenue, 2nd Floor
Bridgeport, CT  06604
Telephone 203-382-5600   Fax 203-335-8760

WCC File #: **400053568**

# Notice of a PRE-FORMAL Hearing

**Stanley Chance**
vs.
**Curtin Motor Livery Service, Inc.**

Date of Injury: 05/22/2003
Body Part(s): Abdomen Including Groin

---

### Hearing Information

**TO:** Letizia, Ambrose & Falls, P.C.
1 Church Street
New Haven, CT  06510

A claim for compensation having been made in the above-entitled matter, you and each of you are hereby notified that Commissioner George A. Waldron will hold a hearing to address the following issue(s):

31-294d - Medical Bills
31-297 - Settlement Discussion

Stanley Chance has requested this hearing and it is scheduled as follows:
Date: **04/26/2004**    Time: **8:30 AM**
Commissioner presiding: **George A. Waldron**
This hearing will be held at the following location:
**Bridgeport District Office**
**350 Fairfield Avenue, 2nd Floor**
**Bridgeport, CT  06604**

RECEIVED
MAR 0 4 2004
L, A & F

### Interested Parties

**Claimant**
Stanley Chance — 99 Jetland Street  Bridgeport, CT  06605

**Respondent(s)**
Curtin Motor Livery Service, Inc. — < Not Notified >
Connecticut Healthcare Workers' Compensation Trust — < Not Notified >
Letizia, Ambrose & Falls, P.C. — 1 Church Street  New Haven, CT  06510

**Other(s)**
Walter Pollard — Workers' Compensation Commission 21 Oak Street Hartford, CT  06106

### Special Instructions

**TO THE EMPLOYER:** If you are insured or have a claims servicing carrier for Workers' Compensation liability, it is imperative that you forward this notice immediately to your insurer/carrier.

Notice Issued: 03/02/2004