UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUN 28  P 12: 47
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | |
|---|---|
| STANLEY CHANCE, | ). |
| Plaintiff | CASE NO. 3:03 CV 441(JCH) |
| VS. | |
| KEMKO, ET AL. | |
| Defendant | JUNE 24, 2004 |

MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S "MOTION FOR WRIT OF EXECUTION"

On May 24, 2004, after oral argument, the Court granted the motion of defendant Connecticut Healthcare Worker's Compensation Trust ("CHWCT") to dismiss this case for lack of jurisdiction, based on plaintiff's failure to exhaust his remedies through the Connecticut Workers' Compensation Commission. The Court issued and explained its ruling from the bench, without a written order. Plaintiff has now filed a "Motion for Writ of Execution," which CHWCT construes to be a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), and which it opposes for the following reasons.[1]

I.  PLAINTIFF'S MOTION DOES NOT MEET THE STANDARD FOR A MOTION FOR RELIEF FROM JUDGMENT OR ORDER

Motions for relief from a judgment or order are governed by Rule 60(b) of the Federal Rules of Civil Procedure. According to that rule, a court may relieve a party from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of the opposing party; (4) the

ORAL ARGUMENT NOT REQUESTED

---

[1] Plaintiff's motion bears the date of June 1, 2004. However, according to his certification statement, he mailed the motion to the undersigned on June 8, 2004, so that this memorandum is timely under Local Rule 7(a).

1

judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief from the operation of the judgment or order. As interpreted by the U.S. Court of Appeals for the Second Circuit, Rule 60(b) provides "extraordinary" relief, and therefore may be invoked only upon a showing of exceptional circumstances. A party's mere dissatisfaction with the result is insufficient to justify relief from a court order, and Rule 60(b) "may not be used as a substitute for a timely appeal." Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir. 1986).

Plaintiff's motion does not come close to satisfying any of these standards for relief. Once again, plaintiff is seeking an order "awarding [him] benefits," but this is precisely the reason why the Court already ruled that his claims were barred by the exhaustion doctrine. Although his motion is difficult to construe, plaintiff has provided no legitimate reason why the Court's order should be reversed. There is nothing in his new statement that constitutes a valid basis for reopening this case under Rule 60(b), because of any mistake, fraud, newly discovered evidence, etc. The Court properly considered the legal issues in evaluating CHWCT's motion to dismiss, and the Court properly ruled that it lacked jurisdiction because plaintiff had failed to exhaust his administrative remedies under the Connecticut Workers' Compensation Act. See Cannata v. DEP, 215 Conn. 616, 622 (1990) ("it is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Court will obtain jurisdiction to act in the matter"); Lopiano v. City of Stamford, 22 Conn. App. 591, 595 (1990) ("a case must be dismissed if an administrative avenue of redress remains untried"); Trigila v. Hartford, 217 Conn. 490, 493-94 (1991) (failure to exhaust remedies deprives court of jurisdiction under Connecticut law).

By way of his "Motion for Writ of Execution," plaintiff continues his attempts to sidestep a workers' compensation system that was specifically designed to address his grievances about benefits. The Court has already ruled that such an attempt was not proper, and that it lacked jurisdiction over plaintiff's claims, and that ruling should stand.

## CONCLUSION

For these reasons, defendant Connecticut Healthcare Workers' Compensation Trust respectfully requests that the Court deny plaintiff's "Motion for Writ of Execution," and that its dismissal of all claims against this defendant remain in force.

DEFENDANT
CONNECTICUT HEALTHCARE WORKERS'
COMPENSATION TRUST

By: _____
Andrew A. Cohen, ct07124
Anne K. Millham, ct13579
Letizia, Ambrose & Falls, P.C.
One Church St.
New Haven, CT 06510
(203) 787-7000

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this 24th day of June, 2004 by first class mail, postage prepaid, to all counsel of record and pro se parties, as follows:

Stanley Chance
99 Jetland Street
Bridgeport, CT 06605
Pro Se Plaintiff

Julie D. Blake
Rome, McGuigan, Sabanosh
One State Street, 13th Floor
Hartford, CT 06103-3101

Mark J. Claflin
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT 06114-1190

Kent B. Hanson
Lezlie Ott Marek
Hanson, Marek, Bolkcom & Greene, Ltd.
2200 Rand Tower
527 Marquette Avenue
Minneapolis, MN 55402

Andrew A. Cohen