**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

STANLEY CHANCE,                          :
    Plaintiff,                          :
                                        :    CIVIL ACTION NO.
    v.                                  :    3:03-cv-441 (JCH)
                                        :
KEMCO, ET AL                             :
    Defendants.                         :    SEPTEMBER 15, 2004

**RULING RE: MOTION TO DISMISS [DKT. NO. 15]**
**AND ORDER TO SHOW CAUSE [DKT. NO. 55]**

Defendants Kemco and Kem Curtain[1] ("Kemco") bring this motion to dismiss

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a

claim on which relief may be granted.  See FED.R.CIV.P. 12(b)(6).  Specifically, Kemco

alleges that Plaintiff Stanley Chance ("Chance") has not alleged any state action and

"has not and cannot make the State of Connecticut a party" to the proceedings.  See

Def's Mem. Supp. Mot. to Dismiss at 2.[2]  Chance argues that the federal employment

discrimination part of his claim does not require state action.

Additionally, on May 26, 2004, the court issued an Order to Show Cause to

Chance why this case should not be dismissed under 28 U.S.C. § 1915 as frivolous, on

the ground that the court lacked jurisdiction over Dorothy Cedrone, Angelique Conroy,

Lisa Moore, Kem Curtin, Gallaher Basset Services, Inc., General Motors Corp., and St.

Vincents.  Plaintiff failed to respond.

---

[1]There appears to be some confusion in the record regarding Curtain's first name.  As Curtain's own filing refers to Curtain as "Kem", this is the name the court will use in this ruling.

[2]The court issued a Notice to Pro Se Litigant [Dkt. No. 20] to Mr. Chance detailing the pending motion and his responsibilities to respond on December 12, 2003.

For the reasons discussed below, Kemco's motion to dismiss for failure to state a claim is **GRANTED**.  The case is **DISMISSED** as to Dorothy Cedrone, Angelique Conroy, Lisa Moore, Kem Curtin, Gallaher Basset Services, Inc., General Motors Corp., and St. Vincents as frivolous.

## I.    DISCUSSION

### A.    Standard of Review

The court begins by noting:

> Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel . . . .  In order to justify dismissal of the plaintiff['s] *pro se* complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Lerman v. Bd. of Elections, 232 F.3d 135, 139-140 (2d Cir. 2000) (citations, footnote, and internal quotation marks omitted).  In evaluating the plaintiff's complaint, the court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (citations omitted).  The court must construe "*pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." Id. at 597.   However, "bald assertions and conclusions of law will not suffice to state a claim . . . ." Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000), abrogated on other grounds, Swierkiewicz v. Solema N.A., 534 U.S. 506 (2002) (internal citations omitted).

**B.    Chance's Constitutional Claims**

Chance filed the pending Amended Complaint [Dkt No. 22][3] on October 14, 2003, alleging that Kemco and Kem Curtain, among others, violated Chance's rights by engaging in an "[i]llegal [e]mployment practice, [e]xtortion, [a] violation of Due Process and [the prohibition on] [i]nvoluntary [s]ervitude . . . [t]hreat[ened][him] and [engaged in] [c]ruel and [u]nusual punishment . . . ."  See Am. Compl. at 4.  Construing Chance's arguments "to raise the strongest arguments that they suggest" leads the court to construe them as claims under federal employment law, a state law claim of extortion, and violations of the Eighth, Thirteenth, and Fourteenth Amendments.  See Cruz, 202 F.3d at 597.  Chance's constitutional and federal employment law claims give the court subject matter jurisdiction.  See 28 U.S.C. § 1331.  The court may exercise supplemental jurisdiction over Chance's state law claim under 28 U.S.C. § 1367(a).

As Kemco correctly notes, the protections of the Fourteenth Amendment and the Eighth Amendment, as incorporated by the Fourteenth Amendment, are available only "against state laws and acts done under state authority."  The Civil Rights Cases, 109 U.S. 3, 13 (1883).  Nowhere in his amended complaint does Chance allege state action in violation of his constitutional rights, nor even any state actor involved with this litigation.  Therefore, Chance's claims as to the Eighth and Fourteenth Amendments are properly dismissed.

Conversely, there is no requirement for state action to pursue a Thirteenth Amendment claim.  See United States v. Nelson, 277 F.3d 164, 175 (2d Cir. 2002) ("[I]t

---

[3]This is Chance's third complaint, preceded by his initial Complaint filed on March 13, 2003 [Dkt. No. 2] and his first Amended Complaint filed on April 23, 2003 [Dkt. No. 4].

has been recognized from the [Thirteenth] Amendment's enactment that Congress's powers under the Thirteenth Amendment are not limited by any analogue to the State Action Doctrine that was early deemed to restrict the Fourteenth Amendment.  The Thirteenth Amendment, unlike the Fourteenth, in and of itself reaches purely private conduct.").  However, the Amended Complaint contains no allegations of "incidents of slavery and involuntary servitude".  Id.  To the contrary, Chance himself notes in paragraph 5 that "he gets paid to do a job."  Am. Compl. ¶ 5.  Throughout the rest of the complaint Chance describes instances of him working and getting paid.  See e.g., id. at ¶ 34.  While Chance may have claims concerning labor practices at his place of employment, perhaps even concerning his rate of pay, he is neither a slave nor subject to involuntary servitude based on the allegations found in the Amended Complaint.[4] Chance's Thirteenth Amendment claim therefore is dismissed.

## C.    Claims Under 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e(2) & (3).

Chance also alleges causes of action under 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e(2) & (3).  See Pl's Mem. Opp. Mot. to Dismiss at 2.  He correctly points out that these statutes do not require state action to proceed.  See id.  However, these statutes do require that the employment discrimination involved be based on "race, color, religion, sex, or national origin."  See e.g., 42 U.S.C. § 2000e(2)(a)(1).  See also 42 U.S.C. § 1981 ("All persons . . . shall have the same right . . . to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens . . . .").  Nowhere in Chance's original complaint or two superceding amended complaints does he allege

---

[4]The court takes no position on the merits of Mr. Chance's labor and employment law claims outside of its discussion in subsection C.

that he is a member of a protected class of individuals, or that any alleged illegal actions undertaken by Kemco were done so based on his "race, color, sex, or national origin." Therefore, Chance's claims under 42 U.S.C. §§ 2000e (2) & (3) and 1981 are dismissed.[5]

### D.   State Law Extortion

The Connecticut extortion statute makes clear that to commit the crime of extortion, a person must obtain property by compelling or inducing another person to deliver such property to them or others by instilling fear that if the property is not delivered the actor or another will harm the victim in some way. <u>See</u> Conn. Gen. Stat. § 53a-119(5). Assuming there is a civil cause of action for extortion, nowhere in his Amended Complaint does Chance allege that any defendant compelled or attempted to compel him to deliver any property to them. Without this, there can be no extortion. Any state law extortion claim is therefore dismissed.

### E.   Order to Show Cause

As noted previously, the court issued an Order to Show Cause to Chance on May 26, 2004 requiring him to make a showing as to why this case should not be dismissed under 28 U.S.C. § 1915 as frivolous, on the ground that, among other reasons, the court lacked jurisdiction over Dorothy Cedrone, Angelique Conroy, Lisa Moore, Kem Curtin, Gallaher Basset Services, Inc., General Motors Corp., and St.

---

[5]Through prior experience with the plaintiff, the court is aware that he is an African-American. However, this fact does not appear in his pleadings and Mr. Chance may assert a different class (<u>e.g.</u>, age, religion) as the basis for his claim. Each defendant, regardless of their familiarity level with the plaintiff, is entitled to have this claim - essential information and thus have "fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

Vincents.  The deadline for this showing was June 16, 2004.  Chance did not respond.

While the court liberally construes a pro se plaintiff's complaint, no allegations appear in

the Amended Complaint to support the court's jurisdiction over these defendants.  No

federal question is apparent as to these defendants.  Also, the necessary predicate to

diversity jurisdiction (citizenship) is not alleged, except, in part, as to General Motors

Corp.  See Am. Compl. ¶ 67 (alleging General Motors' principal place of business is

located in Michigan).  Therefore, Chance has not alleged complete diversity.[6]  See

Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990) ("It is well established

that for a case to come within [28 U.S.C. § 1332] there must be complete diversity and

that diversity is not complete if any plaintiff is a citizen of the same state as any

defendant.")  Chance's claims as to those defendants are therefore dismissed as

frivolous.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's constitutional and federal employment

claims against Defendants Kemco and Kem Curtain are dismissed for failure to state a

claim upon which relief can be granted, without prejudice and with leave to re-file by

**September 27, 2004**.  Plaintiff's state law claim of extortion against Defendants Kemco

and Kem Curtain is dismissed for failure to state a claim, without prejudice and with

leave to re-file by **September 27, 2004**.  All of Plaintiff's claims against Defendants

Dorothy Cedrone, Angelique Conroy, Lisa Moore, Kem Curtin, Gallaher Basset

Services, Inc., General Motors Corp., and St. Vincents are dismissed as frivolous,

---

[6]There also appears to be a deficiency with regard to pleading any allegations that would support the jurisdictional amount, but the court need not reach that issue.

without prejudice and with leave to re-file by **September 27, 2004.**  The Clerk is hereby

directed to close this case.  In the event the plaintiff chooses to re-file by the designated

date above, the case will then be re-opened.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of September, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge